# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM PAUL MATTHEWS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, DOES I through X; and ROE CORPORATIONS A through Z, inclusive,<br><br>    Defendants. | 2:13-cv-1929-RCJ-GWF<br><br>**ORDER** |

Currently before the Court is Defendant State Farm's Motion to Dismiss Claim for Alleged Breach of Nevada's Unfair Claims Practices Act (#6).

## BACKGROUND

In October 2013, Defendant State Farm Fire and Casualty Company filed a petition for removal based on diversity jurisdiction and attached a copy of the complaint filed in the Eighth Judicial District in Clark County, Nevada. (Pet. for Removal (#1) at 1; Compl. (#1-1) at 7-13). In the complaint, Plaintiff William Paul Matthews sued Defendant State Farm Fire and Casualty Company ("State Farm"). (Compl. (#1-1) at 7).

The complaint alleged the following.[1] (*Id.*). On October 8, 2012, Plaintiff's attorney contacted State Farm. (*Id.* at 8). A State Farm representative confirmed that Plaintiff did not carry UM/UIM on his motor insurance policy but did have UM/UIM coverage on his household policy of $15,000/$30,000. (*Id.*). That representative confirmed in writing that Plaintiff "did not

---

[1] Plaintiff's complaint fails to allege that he was in a car accident. (*See generally* Compl. (#1-1) at 7-13). Plaintiff's opposition to the motion to dismiss states that he was in a car accident on August 25, 2012. (Opp'n to Mot. to Dismiss (#8) at 2). David Beatty had collided into the rear of Plaintiff's vehicle. (*Id.*).

1 carry Uninsured Motorist Coverage on this policy" but wrote to Plaintiff that he should contact
2 State Farm to set up a claim on the household policy. (*Id.*). Plaintiff's attorney contacted State
3 Farm and asked them to set up an underinsured claim. (*Id.*). State Farm confirmed that there
4 was "portable" uninsured motorist coverage in the amount of $15,000. (*Id.*). On February 15,
5 2013, Plaintiff sent a demand letter to State Farm detailing special damages in the amount of
6 $21,455 and requested payment of his underinsured policy limits of $15,000. (*Id.*). State
7 Farm acknowledged receipt of the letter and stated that they were "currently in the process of
8 evaluating [the] demand." (*Id.*).

9       The complaint alleged the following. (*Id.*). On March 14, 2013, State Farm said it would
10 not be able to respond to the demand without first seeing Plaintiff's prior medical records.
11 (*Id.*). In a letter, State Farm enclosed a medical authorization and provide list which Plaintiff
12 completed and returned to State Farm on March 28, 2013. (*Id.* at 8-9). Plaintiff's attorney
13 called State Farm on April 23, 2013, May 6, 2013, and May 24, 2012. (*Id.* at 9). State Farm
14 told Plaintiff's attorney that they were still waiting for Plaintiff's prior records. (*Id.*). Plaintiff's
15 attorney called State Farm on June 19, 2013 and was told that they needed to see the final
16 report from Pahrump Back and Neck, even though this had not been included in their prior
17 demand. (*Id.*). Plaintiff faxed this report to State Farm on June 20, 2013 and June 26, 2013.
18 (*Id.*). State Farm claimed that they did not receive the first fax. (*Id.*). Plaintiff's attorney called
19 State Farm on July 3, 2013 and July 8, 2013 and was told that they had the final doctor's
20 report and would review it and call back. (*Id.*). State Farm did not call back. (*Id.*). On July
21 16, 2013, Plaintiff called State Farm and State Farm said there was no underinsured value to
22 Plaintiff's claim. (*Id.*). To date, State Farm has not made payment to Plaintiff in response to
23 his underinsured motorist claim. (*Id.*). State Farm has failed to make a fair offer to Plaintiff
24 for the compensation he is entitled to under the underinsured motorist coverage in his policy.
25 (*Id.*).

26       The complaint alleged three causes of action. (*Id.* at 9-12). In the first cause of action,
27 Plaintiff alleged breach of contract. (*Id.* at 9). Plaintiff alleged that, at the time of the accident,
28 he had a State Farm homeowner's insurance policy that contained a provision for

2

1  uninsured/underinsured motorist coverage. (*Id.*). Plaintiff asserted that he complied with the terms of the contract and that State Farm breached the contract by failing to make an offer or payment to Plaintiff under the policy. (*Id.* at 10).

In the second cause of action, Plaintiff alleged breach of the covenant of good faith and fair dealing. (*Id.* at 11). In that claim, Plaintiff also alleged that "State Farm ha[d] violated the provisions of the Nevada Unfair Claims Practices Act in its handling of the claim of each Plaintiff." (*Id.*). In the third cause of action, Plaintiff alleged punitive damages. (*Id.* at 12).

The pending motion now follows.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

State Farm files a motion to dismiss Plaintiff's "violations of Unfair Claims Practices Act" claim because the allegations are insufficiently pled. (Mot. to Dismiss (#6) at 1). State Farm asserts that there are no allegations to support a violation of NRS § 686A.310, Nevada's Unfair Claims Practices Act. (*Id.* at 4). State Farm asserts that Plaintiff fails to refer to a specific subsection of NRS § 686A.310. (*Id.* at 5). State Farm contends that Plaintiff appears to confuse a common law claim for breach of the implied covenant of good faith and fair dealing with a statutory violation of NRS § 686A.310. (*Id.* at 7).

In response, Plaintiff argues that he has pled sufficient facts to show violations of the Unfair Claims Practices Act. (Opp'n to Mot. to Dismiss (#8) at 5). Plaintiff asserts that he does not have to "list exactly which part of the Act was violated, nor is it possible given the early

4

stages of this litigation." (*Id.*). Plaintiff contends that it is possible to infer a confusion or intermingling of a statutory violation and bad faith but asserts that the complaint "clearly distinguishes between the different causes of action." (*Id.* at 6). Plaintiff asserts that State Farm violated subsection (n) of NRS § 686A.310. (*Id.* at 7).

State Farm filed a reply. (Reply to Mot. to Dismiss (#11)).

Bad faith and NRS § 686A.310 are not identical causes of action. *Schumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp.2d 1090, 1095 (D. Nev. 2006). In *Schumacher*, the court explained the following:

> Bad faith and NRS 686A.310 involve different legal analyses, and a violation of a provision of NRS 686A.310 is not per se an act of bad faith. . . Bad faith involves something more than an unreasonable action, a negligent action, by the insurer . . . That is, bad faith does not directly address the manner in which an insurer processes a claim as does NRS 686A.310 . . . Bad faith exists where an insurer denies a claim without any reasonable basis and with knowledge that no reasonable basis exists to deny the claim . . . In contrast, the provisions of NRS 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied.

*Id*. (internal citations omitted).

In this case, Plaintiff enumerates his causes of action as breach of contract, breach of the covenant of good faith and fair dealing (or bad faith), and punitive damages. Within the bad faith cause of action, Plaintiff states in one line that "State Farm violated the provisions of the Nevada Unfair Claims Practices Act in its handling of the claim of each Plaintiff." (*See* Compl. (#1-1) at 11). As stated above, bad faith and violations of NRS § 686A.310 are two different legal claims. The Court finds that Plaintiff has insufficiently pled a claim for violations of NRS § 686A.310 because he attempts to intertwine that claim with his bad faith claim. Moreover, NRS § 686A.310 lists 16 different activities which constitute unfair practices under the statute. *See* Nev. Rev. Stat. § 686A.310(1)(a)-(p). Plaintiff has not identified which subsections State Farm has allegedly violated. Because Plaintiff has intertwined his Unfair Claims Practices Act claim with his bad faith claim the Court grants the motion to dismiss his Unfair Claims Practices Act claim. However, the Court grants leave to amend for Plaintiff to specifically add an Unfair Claims Practices Act claim. Plaintiff has 20 days from the date of this order to file a First Amended Complaint that adds an Unfair Claims Practices Act claim

and identifies which subsections of NRS § 686A.310 State Farm allegedly violated. State Farm may file a subsequent motion to dismiss if necessary. As such, the Court grants Defendant's motion to dismiss the Unfair Claims Practices Act claim with leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant State Farm's Motion to Dismiss Claim for Alleged Breach of Nevada's Unfair Claims Practices Act (#6) is GRANTED with leave to amend.

IT IS FURTHER ORDERED that Plaintiff shall file a First Amended Complaint which sets forth a separate Unfair Claims Practices Act claim within 20 days of the date of this order.

Dated this 11th day of December, 2013.

_____
United States District Judge